### JOSEPH GALE vs. JOHN HOYSRADT.

Where a cause is put over the circuit by plaintiff for one day on payment of costs, and is not again reached and called at the circuit, the defendant can not get the costs *of the circuit* even if younger issues were tried and the costs of the day not paid by plaintiff, for the reason that defendant had not procured them to be taxed. He will be allowed the costs of the day only.

*Motion by defendant that plaintiff pay defendant's costs of circuit.*— This was an action of replevin, noticed for trial at the last March Columbia circuit. The cause was by agreement between the plaintiff's attorney and defendant's counsel, put over for the first day of the circuit, on an informal call of the calendar, to the next morning. The plaintiff thereupon discharged his witnesses until the second day of the circuit, at the opening of the court. The circuit judge called the calendar through and tried two or three short causes; and then gave notice that he should commence a peremptory call of the calendar. When this cause was called the second time, plaintiff's counsel stated to the court the arrangement that had been made to put the cause over until the next morning;

in consequence of which plaintiff's witnesses had gone, and he was not ready for trial. The defendant's attorney insisted that the trial should then proceed. Plaintiff then prepared an affidavit and made a formal application to put the cause over until the next morning, which was granted on payment of costs of the day. Both parties were ready for trial after the first day; but the cause was not again called, and on Thursday the circuit judge announced that he should not try any more civil causes.

R. W. PECKHAM, *Defts Counsel.*     G. W. BULKLEY, *Defts Atty.*

M. T. REYNOLDS, *Plff's Counsel.*     J. H. REYNOLDS, *Plff's Atty.*

The defendant stated that immediately after the decision was made, allowing the cause to go over until the second day of the circuit on payment of costs, his attorney made an affidavit of the attendance of his witnesses and presented it to plaintiff's counsel who read it, and made no objection to it, and was then told by defendant's attorney, if he would pay the amount of witnesses fees, $6·50, it would be satisfactory; plaintiff's counsel said he would see plaintiff and get the money and pay them; defendant also stated that the witnesses' fees had never been paid. Also that younger issues were tried in their regular order on the calendar. Plaintiff stated that there was no litigated cause tried at said circuit, except those having a preference on the calendar to this cause. And after the first day there was no opportunity to try this cause. On Thursday after the civil calendar had been disposed of, plaintiff's attorney offered to pay defendant's attorney the costs of the day on their being regularly taxed. Defendant's attorney refused to receive them, and claimed the costs of the circuit.

JEWETT, Justice.—The costs of the circuit can not be allowed; it seems the cause was put over for one day on payment of costs, and after that, was not again reached; plaintiff was ready to try at any time after the first day, and offered to pay the costs of the day on their being regularly taxed. Plaintiff must pay the costs of the day, $6·50, without any costs of this motion to either party.

Rule accordingly.